## SAMUEL G. WILLIAMS *versus* CHARLES RUSSELL *et al.*

A debtor conveyed all his property, taking therefor the grantee's promissory note, with a proviso that if there should be any incumbrance on the property, the amount of it should be indorsed on the note; and the debtor then assigned the note, the assignee covenanting that he would pay all the assignor's debts, deducting the amount, if any, which should be so indorsed. It was *held*, that the maker of the note *was not* a necessary party to a bill in equity brought by a creditor against the assignee, to compel payment of his demand.

BILL in equity against Charles Russell of New Bedford, surviving partner of the house of Charles Russell & Son, the Bedford Commercial bank, Merchants' bank, Marine bank and Mechanics' bank, all in New Bedford, and the respective cashiers of these banks.

The bill alleges that the plaintiff, in 1835, recovered a judgment against C. Russell, for $3231, on a bill of exchange drawn by Russell & Son ; that on December 28th 1833,

Russell and son conveyed real and personal property to J. Ricketson, J. A. Parker, J. Grinnell and W. R. Rodman, in consideration whereof Ricketson, Parker, Grinnell and Rodman gave their four joint promissory notes to Russell and son, for $ 38,851·86, $ 38,851·86, $ 29,138·40 and $ 19,425·94 respectively, payable in six months, one at each of the banks above named, it being provided in the notes, that if it should afterwards appear that any incumbrance was then existing upon any portion of the property conveyed, a certain proportion of the amount of such incumbrance should be indorsed on each of the notes ; that at the time when the four notes were given, Russell and son were embarrassed in their affairs, and being desirous to provide for the payment of their creditors, they, on or about the 28th of December, 1833, indorsed the notes to the banks mentioned, one to each, and an indenture was executed between Russell and son, of the one part, and the banks, of the other, in which the banks, in consideration of the transfer of the notes, covenanted with Russell and son, that they would pay all the drafts &c. on which Russell and son were liable, which were mentioned in a schedule to be made out, at the times when they should respectively become due, provided that no indorsement should be made on the notes by reason of any incumbrance on the property conveyed to Ricketson and others, the promisors, and in case of such an indorsement, then they would pay the drafts, &c. except such an amount of them as should equal the amount of such indorsement ; that the draft due to the complainant was contained in the schedule subsequently drawn up ; that by reason of the premises a trust has arisen in favor of the complainant, to receive from the banks the sum due to him on the draft, and payment has been demanded of them, but they have refused, pretending that the promisors on the notes require them to make indorsements thereon by reason of incumbrances on the property conveyed as above mentioned. The bill prays that the defendants may be required to answer, and that the banks may be compelled to pay the amount due to the complainant.

The defendants demurred, because Ricketson, Parker, Grinnell and Rodman were not made parties to the bill.

*C. G. Loring* and *F. C. Loring*, in support of the demurrer

rei. The grounds of the objection to the bill are, that the promisors on the notes are interested in the decree of the Court jointly with the banks, inasmuch as their liability to the banks upon the four notes, and the liability of the banks under their contract, are both dependent upon one and the same question, namely, whether the deficiencies of property, mortgages, defects of title, &c. for which the promisors claim to have indorsements made on the notes, are incumbrances, within the meaning of that term as used in the contract ; or, in other words, that the liability of the banks upon their contract is necessarily dependent upon and coëxtensive with the liability of the promisors upon the notes ; that the decree, if the promisors were parties, would be conclusive upon them, and thus prevent a multiplicity of suits ; that the banks are entitled to the benefit of a decree in this behalf, conclusive upon the promisors, if the banks are liable to the complainant ; and that the banks are entitled to the assistance of the promisors. Edwards on Parties in Chan. 10, 13, 16 ; *Marshall* v. *Beverley*, 5 Wheaton, 313 ; *Lowther* v. *Carlton*, 2 Atk. 139.

*C. P. Curtis* and *B. R. Curtis*, for the plaintiff. If it be true that the liability of the banks is dependent upon and co-extensive with the liability of the promisors on the notes, still it is a well settled rule that the debtor to a trust fund cannot be made a party to a bill against the trustee, unless the trustee is insolvent or collusion is charged. *Utterson* v. *Mair*, 2 Ves. jun. 95 ; *Alsager* v. *Rowley*, 6 Ves. 748 ; *Doran* v. *Simpson*, 4 Ves. 651.

No person can be a necessary party to a bill, who, if made a party, would be discharged on demurrer, or against whom no decree could be had. If the promisors had been made parties, and had demurred, because the plaintiff has no claim on them in any court, and the banks have no claim on them in a court of equity, but only by an action at law, and because this Court has no equity jurisdiction over them by statute, they must have been discharged. 3 P. Wms. 311, note I ; *West* v. *Randall*, 2 Mason, 181 ; *Plummer* v. *May*, 1 Ves. sen. 426 ; *Petch* v. *Dalton*, 8 Price, 12 ; *Leathes* v. *Newitt*, 8 Price, 566.

It is not enough that a person has an interest in the question to be decided ; he must have an interest in the property involv-

**ed** iɴ the issue, which will necessarily be affected by the decree. *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. R. 349 ; *Townsend* v. *Auger*, 3 Connect. R. 354 ; *Parker* v. *Fuller*, 1 Russ. & Mylne, 656 ; *Humphrey* v. *Hollis*, Jacob, 73.

WILDE J. delivered the opinion of the Court. The rules of practice in relation to parties are not very clearly defined, and the decisions are apparently at variance ; but they may, we think, be reconciled.

It is a well settled rule, that all parties interested in the subject matter of a suit are to be made parties, but to this rule, as Lord *Redesdale* observes, there are many exceptions. Another rule is, that no person is necessarily to be made a party, unless his interest may be affected by the decree. To reconcile these rules we must construe the first as extending only to persons interested in the event of the suit, and not to persons interested only in the question involved in the issue. And we think the rule is to be so understood. There is however another rule to be noticed, which is, that where a defendant is interested in having another made a party defendant, the plaintiff is obliged to make him a party, so that the principal defendant may have his assistance in the defence. This rule is an exception to the second rule mentioned, and must be understood with this limitation, that a defendant is not entitled to the assistance of a mere witness ; for if one be made a party against whom the plaintiff can have no decree, but who may be examined as a witness, the defendant may demur. *Steward* v. *East India Co.* 2 Vern. 380 ; *Newman* v. *Godfrey*, 2 Bro. Ch. R. 332 ; 3 P. Wms. 310.

A party, to entitle himself to the assistance of a third party, within the meaning of the rule, must make it appear that he has a right to claim through or rely upon the equitable title of the third party.

Thus, if this were a bill for specific performance, Russell should be made a co-plaintiff, for in equity the plaintiff Williams has a right to claim through him, and without his aid a bill for a specific performance could not be maintained. So if a defendant connects himself with the equitable title of a third person which rebuts the plaintiff's claim, he would have a right to have the third person a party. This right is somewhat sim-

Williams
*v.*
Russell.

*June 26th.*

dar to the right of praying aid in a real action. These rules being thus understood, we are of opinion that Ricketson and others, the promisors in the notes held by the banks, are not necessary parties in this suit. The Court can pass no decree aga nst them. Their liabilities are legal liabilities, and are not within the equitable jurisdiction of this Court. They are not trustees, and cannot be bound by any decree in this case.

The defendants have no interest, within the meaning of the rule, to have them made parties, for they may be examined as witnesses, and thus may aid them in their defence as effectually as they would do if they were made parties.

*Demurrer overruled.*